# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **KENNETH B. BOLES,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) CASE NO. _____ |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,** | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1331, 1441, and 1446, Hartford Life and Accident Insurance Company ("Hartford" or "Defendant"), hereby removes this action to the United States District Court for the Northern District of Alabama, Middle Division, which is the federal judicial district embracing the Circuit Court of Etowah County, where this case was originally filed as Case No. 31-CV-2021-900068. As addressed below, removal of this action is proper pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims invoke the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. The grounds for removal are as follows:

1.  Plaintiff commenced this civil action in the Circuit Court for Etowah County, Alabama, on February 3, 2021. A true and correct copy of all process and pleadings filed in the State Court Action as reflected on Alacourt are attached hereto as Exhibit "A."

2. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days after Hartford was served with the initial pleading on February 8, 2021.

3. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims invoke this Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

4. The United States District Court for the Northern District of Alabama, Middle Division, is the federal judicial district embracing the Circuit Court of Etowah County, Alabama, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 81(a)(6) and § 1441(a).

## FEDERAL QUESTION JURISDICTION

5. Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, the ERISA jurisdiction provision provides for concurrent jurisdiction to the state and federal courts over participant's claims under 29 U.S.C. § 1132 and exclusive jurisdiction to the federal courts over all other ERISA claims by participants. *See* 29 U.S.C. § 1132(e)(1). When filed in state court, such actions may be removed to federal court. *See* 28 U.S.C. § 1441(a).

6. This action against Hartford could have been originally filed in this

Court pursuant to 29 U.S.C. § 1132 in that Plaintiff seeks to recover ERISA benefits under an employer-sponsored plan sponsored by AutoZoners, LLC (the "Plan") and for conduct related to the denial of short-term disability ("STD") and long-term disability ("LTD") benefits allegedly due to him under such Plan. (*See* Ex. A, Compl. at ¶¶ 1- 2 under "PARTIES" subheading, and ¶¶ 3 – 4 under "COUNT ONE").

7. Plaintiff alleges in his Complaint that he "was or is a participant in the plan covered by Policy No. GLT 681053 [the "Policy"], underwritten by The Hartford Fire Insurance Co. and administered by Hartford Life and Accident Insurance Company[.]" (*Id.* at ¶ 1 under "PARTIES" subheading).

8. Plaintiff further alleges, *inter alia*, that he is disabled, and "entitled to the short-term and long-term disability coverage" under the Plan, and that Hartford's refusal to approve benefits under the Plan "constitutes a "breach[] of the Plan and ERISA[.]". (*Id.* at ¶ 7 under "FACTS" subheading, and ¶¶ 3 - 4 under "COUNT ONE"). Plaintiff then expressly states ERISA claims pursuant to 29 U.S.C. § 1132. (*Id.* at "COUNT ONE" and "COUNT TWO.").

9. In addition to this ERISA claims, Plaintiff asserts an alternative claim for breach of contract "in the event the Administrator is found not have been engaged in ERISA regulated conduct in connection with one or more of the acts or omissions alleged." (*Id.* at ¶ 2 under "COUNT THREE").

10. Here, Plaintiff expressly asserts a claim for LTD benefits arising under Policy No. GLT 681053 (the "Policy"). The Policy, issued by Hartford to AutoZoners, LLC, funds the LTD component of AutoZoner, LLC's employee welfare benefit plan, which is governed by ERISA. A copy of the Policy which was issued by Hartford to AutoZoners, LLC, is attached hereto as Exhibit "B." The Policy expressly references ERISA, and provides a statement of participant's rights under ERISA. *See* Ex. B at pp. 33, and 35.

11. Accordingly, Plaintiff's alternative breach of contract claim with respect to LTD benefits is completely preempted by ERISA, as the Complaint seeks relief from the alleged denial of LTD benefits administered under the terms of an ERISA-governed Policy and Plan. *See Karns v. Disability Reinsurance Mgmt. Services*, 879 F. Supp. 2d 1298, 1307 (N.D. Ala. 2012) (denying motion to remand and finding that claims for breach of contract, bad faith and failure to investigate based on the existence of an employee benefit plan were subject to complete ERISA preemption).[1]

## MISCELLANEOUS

12. A copy of this Notice of Removal is being filed with the Clerk of the

---

[1] As Plaintiff's claim for LTD benefits under the Policy are completely preempted by ERISA, the court may exercise supplemental jurisdiction over any remaining claims to the extent such claims are not preempted. *See* 28 U.S.C. § 1367(a). *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1353 (11th Cir. 2009) (where there is removal jurisdiction over a completely preempted claim, jurisdiction exists over any state law claims joined with that claim).

4

Circuit Court of Etowah County, Alabama, as provided by law, and written notice is being sent to Plaintiff's counsel.

13. Along with this Notice of Removal, Hartford will tender to the Clerk of this Court the funds necessary to secure removal.

14. This Notice of Removal is filed within thirty (30) days after service of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

15. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

16. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of Alabama, Middle Division, and this cause is removable to the United States District Court for the Northern District of Alabama, Middle Division.

17. Should any question arise as to the propriety of the removal of this action, Hartford respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this cause is removable. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

Accordingly, Defendant Hartford Life and Accident Insurance Company, desiring to remove this civil action to the United States District Court for the Northern District of Alabama, Middle Division, the district and division encompassing the county in which such civil action is pending, prays that the filing

of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Etowah County, Alabama, shall effect the removal of said civil action to this Honorable Court.

          Respectfully submitted,

          */s/ Ashlee D. Riopka*
          William B. Wahlheim, Jr.
          Ashlee D. Riopka

          *Attorneys for Defendant Hartford Life and Accident Insurance Company*

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, Alabama 35203
T: (205) 254-1000
F: (205) 254-1999
wwahlheim@maynardcooper.com
ariopka@maynardcooper.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 8th day of March 2021:

Philip E. Miles
LAW OFFICE OF PHILIP E. MILES, LLC
309 Broad Street
Gadsden, AL 35901
(256) 543-9777
pemllc@bellsouth.net

          */s/ Ashlee D. Riopka*
          OF COUNSEL